IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MaddenSewell, LLP, et al. § | |
| *Appellant*s § | |
| § | CIVIL ACTION No. 4-12-cv-454 |
| Edward Mandel § | |
| *Appellee* § | |
| § | U.S. Bankruptcy Court Case No. 10-40219 |

**MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT**

Appellants MaddenSewell LLP and Steven Thrasher appeal an order from the bankruptcy court which dismissed their motion for reconsideration for lack of jurisdiction as the order from which Appellants requested relief was on appeal. Appellants contend that the bankruptcy court actually had jurisdiction to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 and Fifth Circuit precedent. Appellants, however, have waived these arguments on appeal by failing to brief or argue them below. Appellants' appeal is dismissed.

**I. BACKGROUND**

On September 30, 2011 the bankruptcy court issued Findings of Fact and Conclusions of Law regarding debtor Edward Mandel's objections to claims of Steven Thrasher, on his own behalf and derivatively on behalf of White Nile and James Coleman. [*See* Bank Case Doc. # 685]. On October 12, 2011, Mandel filed a notice of appeal. Thrasher, Coleman, and MaddenSewell, as partial assignees of Thrasher, subsequently filed a notice of cross-appeal. [*Id.* Docs. # 695, 700]. Five months after the parties filed their notices of appeal, Thrasher allegedly

obtained new evidence which he believed would have been material to his and Coleman's claims.

On March 23, 2012, citing this new evidence, Appellants filed a motion for reconsideration of the bankruptcy court's September 30, 2011 order pursuant to Federal Rule of Civil Procedure 60(b). [*Id.* Doc. # 804].  The motion details the alleged newly discovered evidence which Appellants contend is material to their claims and Appellants' purported diligence in obtaining the evidence.  The motion does not address the bankruptcy court's jurisdiction to reconsider its ruling in light of the pending appeal and cross-appeal.  Rather, the very last sentence of the motion simply states "[b]ecause of [sic] the Debtor and the Claimants have filed notices of appeal from the Court's September 30, 2011 order, the Claimants ask the court to make an indicative ruling on this motion that: (1) it would grant the motion if the district court remands for that purpose; or (2) the Motion raises a substantial issue under Rule 60(b)." [*Id.* at 16-17].  Appellee objected to the motion on several grounds including that the bankruptcy court did not have jurisdiction to reconsider an order on appeal.  [*Id.* at 818].

On May 22, 2012, the bankruptcy court held a hearing on Appellants' request for reconsideration and addressed the issue of jurisdiction.  Specifically, the bankruptcy court inquired whether Appellants had any authority for the proposition that Federal Rule of Civil Procedure 62.1 was applicable to bankruptcy procedure.  Appellants' counsel was wholly unprepared to address the issue, admitting that he was not a bankruptcy attorney and he did not have a copy of the bankruptcy rules.  Rather, Appellants' counsel requested the opportunity to send the court a memo the next day to address the issue, a request which the bankruptcy court granted. [*See* Transcript of May 22, 2012 hearing, available at Doc. # 6 Ex. 1 at 4].

Appellants never provided the court with that briefing. On May 25, 2012, the bankruptcy court signed an order dismissing Appellants' motion for reconsideration without prejudice on the grounds that the court was without jurisdiction to consider a motion for reconsideration of an order on appeal. Appellants now appeal this ruling.

## II. STANDARD OF REVIEW

District courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *In re Nat'l Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000).

## III. ISSUES PRESENTED

Appellants raise one issue on appeal: whether the bankruptcy court erred in dismissing Appellants' motion for reconsideration on the grounds that it did not have jurisdiction to consider a motion for reconsideration of an order on appeal.

## IV. DISCUSSION

Appellants now contend that the bankruptcy court had subject matter jurisdiction to consider their Rule 60(b) motion. Specifically, Appellants argue that Rule 62.1 was made applicable to the Federal Rules of Bankruptcy through Bankruptcy Rules 9024 and 232[1], that an indicative ruling would lead to a " just, speedy, and inexpensive" result as required by Bankruptcy Rule 1001, and that courts in other jurisdictions have agreed that Rule 62.1 is applicable to bankruptcy courts. [*See* Appellants' brief Doc. # 4 at 10-12; Appellants' reply brief Doc. # 7 at 7-11]. Appellants also cite Fifth Circuit precedent, which allows lower

---

[1] No such Federal Rule of Bankruptcy Procedure, exists.

courts to issue indicative rulings prior to the adoption of Federal Rule of Civil Procedure 62.1. [*See* Doc. # 4 at 12-15].

Appellants' arguments have been waived because Appellants failed to raise them before the bankruptcy court.  Arguments not raised with the bankruptcy court cannot be pursued in an appeal of a bankruptcy court's order.  *See Matter of Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993)(affirming district court holding that Appellant waived appeal on the application of the part performance doctrine by failing to properly present the argument to the bankruptcy court).  In order to properly preserve an argument for appeal, the "argument must be pressed, and not merely intimated.  In short, the argument must be raised to such a degree that the trial court may rule on it." *Id.*(internal quotations omitted)*; see also LeMaire v. La. Dep't of Transp. and Dev.*, 480 F.3d 383, 387 (5th Cir.2007)( "arguments not raised [below] . . . are waived and cannot be raised for the first time on appeal"). The rule requiring litigants to properly present and brief the grounds for claims, defenses, or objections has long been recognized.  Considering the flood of cases a bankruptcy judge must deal with on a daily basis, any other rule would be unworkable.

Here, the bankruptcy court inquired about the issue of its jurisdiction on a matter that was on appeal.  Appellants failed to offer *any* arguments, either in a reply brief or at the hearing, to support their position that the bankruptcy court actually had jurisdiction to issue an indicative ruling in this case under Rule 62.1.  Appellants' counsel was wholly unprepared to address the issue at the May 22, 2012 hearing.  He then failed to provide the court with a memo containing his legal arguments, despite being given an opportunity to do so.  In sum, Appellants failed to raise any arguments on the issue of jurisdiction such that the bankruptcy court could rule on

them. Appellants now attempt to raise arguments on appeal that the bankruptcy court never had an opportunity to consider.

Issuance of an "indicative ruling" under Federal Rule of Civil Procedure 62.1 is discretionary. The court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Looking at the underlying motion to reconsider based on allegedly newly discovered evidence, it does not appear to raise a substantial issue. Even if the Bankruptcy Judge had indicated a willingness to take the case back and provide a ruling that could be appealed upon to this court, there do not appear to be grounds for this court to allow such a waste of judicial resources.

The underlying Bankruptcy case was filed on January 25, 2010. On May 24, 2010 Thrasher filed his proof of claim on behalf of himself individual and on behalf of White Nile Software and subsequently filed an amended proof of claim on June 10, 2010. The dispute between the parties culminated in an eleven day trial[2], which the Bankruptcy court declared "was the lengthiest trial of any sort conducted by this Court to date" [*Id.* Doc. # 685]. On September 30, 2011, the Bankruptcy court entered findings of fact and conclusions of law. [*Id.*]. Appellants admit in their motion for reconsideration that while the allegedly "newly discovered" evidence was actually delivered to their counsel's office less than a month later on October 13, 2011, counsel was too busy to give it the attention it deserved. Specifically, counsel contends

---

[2]The Bankruptcy court tried Mandel's objections to the claims of Thrasher, Coleman and White Nile on November 22 and 23, 2010; December 20 and 21, 2010; January 3, 5, 7, 14, 21 and 31, 2011; and February 16, 2011. At the conclusion of trial, the court invited the parties to submit their closing arguments in writing.

that he was involved in preparing a statement of claim in another case which was not filed until October 17, 2011. Counsel evidently did not make a cursory review of the documents or even have a paralegal skim them for the allegedly "smoking gun" that he now claims he later discovered.

Appellants also admit that they actually introduced at trial a thirty-five page email that was identical to one of the exhibits they now rely on to establish their "newly discovered evidence" theory. The court knows full well the pressure a lawyer is under at trial. However, Appellants based their motion to reconsider "newly discovered evidence" on documents that were actually available to their attorney who was evidently overworked, too busy, and caught up in the press of another trial to even look at them.

"A lawyer generally should not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the lawyer's competence." Tex. State Bar. R. 1.01(a) art. X. § 9 *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005). Nor may a lawyer "neglect a legal matter entrusted to the lawyer." Tex. State Bar. R. 1.01(b)(1). "A lawyer's workload should be controlled so that each matter can be handled with diligence and competence." Comment 6 to Tex. State Bar R. 1.01(b)(1).

Appellants have established they had one of the "smoking guns" less than a month after the Bankruptcy Court entered its findings of fact and conclusions of law on September 30, 2011. Nevertheless, the motion for reconsideration [Bank Case Doc. # 804] was not filed until almost six months after the Bankruptcy Court entered its findings. Moreover, at the hearing on the motion to reconsider, Appellants appeared in front of the very busy Bankruptcy Judge with no facts, law, or arguments. The Bankruptcy Court is not a sounding board for lawyers to

experiment with strategies and evidence combinations only to later introduce different arguments to the district court on appeal.

Sloth should not be encouraged or rewarded. The court will not remand a case for "newly discovered evidence" at the request of a party that failed to carefully read all of its exhibits, delayed examination of documents after trial, appeared at the post trial hearing woefully unprepared, and only on appeal bothers to research an issue it claims is important.

So **ORDERED** and **SIGNED** this **20** day of **March, 2013.**

_____
Ron Clark, United States District Judge